**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Julio ZAMUDIO–DIMAS, Defendant–Appellant.**

No. 13–50469.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2014.*

Filed Aug. 18, 2014.

Michael J. Heyman, Bruce R. Castetter, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Johanna S. Schiavoni, Law Office of Johanna S. Schiavoni, San Diego, CA, for Defendant–Appellant.

Before: SCHROEDER, THOMAS, and HURWITZ, Circuit Judges.

MEMORANDUM **

Julio Zamudio–Dimas appeals from the district court's judgment and challenges the 24–month sentence imposed following his guilty-plea conviction for attempted reentry of a removed alien, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Zamudio–Dimas contends that the district court failed to use the correctly calculated Guidelines range as an initial benchmark at sentencing because it failed to grant a fast-track departure under U.S.S.G. § 5K3.1. We disagree. Departures are not part of the Guidelines calculation, and we do not review the procedural correctness of the denial of a requested departure. *See United States v. Evans–Martinez,* 611 F.3d 635, 643 (9th Cir.2010) ("[I]t is the pre-departure Guidelines sentencing range that the district court must correctly calculate."); *United States v. Ellis,* 641 F.3d 411, 421 (9th Cir.2011) ("In analyzing challenges to a court's upward and downward departures ... under Section 5K, we do not evaluate them for procedural correctness, but rather, as part of a sentence's substantive reasonableness."). The district court satisfied its procedural obligations by correctly calculating the Guidelines range without the fast-track departure.

Zamudio–Dimas also contends that the district court imposed a substantively unreasonable sentence because it did not grant the fast-track departure. The district court did not abuse its discretion in imposing Zamudio–Dimas's sentence. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The 24–month sentence, in the middle of the Guidelines range, is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Zamudio–Dimas's

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

extensive history of immigration violations. *See id.*

**AFFIRMED.**

Before SCHROEDER, THOMAS, and HURWITZ, Circuit Judges.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate' for publication and is not precedent except as provided by 9th Cir. R. 36–3.